UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Keith White,

                           Plaintiff,

              v.

ADP, Inc.,

                           Defendant.

24 Civ. 9128 (DEH)

ORDER

DALE E. HO, United States District Judge:

On November 27, 2024, Defendant ADP, Inc. removed this action from New York State Court to this Court.  This action contains four state causes of action that were disposed of on the merits in an amended opinion issued on December 4, 2024 in *White v. ADP, Inc.*, No. 22 Civ. 4800 ("*White I*").  On December 5, 2024, Defendant filed a letter suggesting that, in light of the Court's decision in *White I*, this case should be dismissed *sua sponte*.  *See* ECF No. 5.  On December 13, 2024, this Court directed Plaintiff to file a response to Defendant's letter by December 15, 2024, and further directed that, to the extent Plaintiff seeks reconsideration of the Court's disposition of *White I*, he may file a motion for reconsideration in that case.  *See* ECF No. 13.  Plaintiff did not file a response to Defendant's letter suggesting *sua sponte* dismissal of this case.

For the reasons that follow, this case is **DISMISSED** *sua sponte*.

"The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)).  "To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the

prior court was of competent jurisdiction, and 4) the causes of action were the same." *Id.* (quoting *In re Layo*, 460 F.3d 289, 292 (2d Cir. 2006)).

All four elements of this test are met in this case—(1) the decision in *White v. ADP*, No. 22 Civ. 4800, is a final judgment on the merits, (2) the parties are identical in both cases, (3) this Court had proper jurisdiction over the claims at issue in the initial case, (4) the state causes of action are the same in both actions. Further, the complaints that led to removal in both actions arise from the same transaction or series of transactions, the same evidence is needed to support both claims, and the facts essential to the record in this case were present in the first. *See id.*

While generally *res judicata* must be pled as an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), *sua sponte* dismissal by the court on *res judicata* grounds in the interest of judicial economy where both actions were brought before the same court serves as an exception. *See Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) ("[S]ua sponte dismissals may be appropriate in some circumstances."); *see, e.g.*, *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001). The removal of Plaintiff White's complaints in both cases were brought before the same federal district court. The relevant facts and causes of action contained in White's complaint in this case are nearly identical to the complaint filed in the earlier action. This second action seeks to relitigate the same dispute between the parties.

Thus, the Court finds it prudent to dismiss this action *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) on the ground of *res judicata*. The Clerk of Court is directed to terminate the case.

SO ORDERED.

Dated: December 20, 2024
New York, New York

DALE E. HO
United States District Judge

2